Filed 9/30/13  Marriage of Wilson and Smith CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re the Marriage of KAREN WILSON and JEFFREY ANTON SMITH. | |
| KAREN WILSON,<br>        Appellant,<br>v.<br>JEFFREY ANTON SMITH,<br>        Respondent. | A137560<br><br>(San Mateo County<br>Super. Ct. No. F362391) |
| LAW OFFICES OF DAVID G. FINKLESTEIN,<br>        Plaintiff and Respondent,<br>v.<br>KAREN WILSON,<br>        Defendant and Appellant. | (San Mateo County<br>Super. Ct. No. CIV505915) |

In a post-judgment dissolution proceeding, the family court enforced a settlement agreement between Karen Wilson (Wife) and Jeffrey Anton Smith (Husband) for child and spousal support. The court also resolved attorney fee issues relating to an interpleader action filed by Wife's former attorneys in which disputed settlement funds were deposited with the court. Wife appeals upon contentions the family court erred in denying her motion to revoke the settlement agreement, granting Husband's motion for a partial refund of settlement funds, and granting Wife's request for attorney fees in a lesser amount than she sought. Respondents contend the appeal is frivolous and should be

1

summarily dismissed. We deny the request for dismissal but shall affirm the order on the merits.

**Statement of Facts**

The parties separated in 1991 after almost nine years of marriage. A judgment of dissolution of marriage was filed in July 1992. The judgment incorporated a marital settlement agreement that provided child support for the parties' two children as well as spousal support for Wife. Husband failed to make all required payments and, in 1996, the court issued a wage assignment order to enforce monthly support obligations and to collect arrears in excess of $39,000.

The record shows no further activity until 2010, when Wife hired the Law Offices of David G. Finkelstein to represent her in an effort to collect unpaid support from Husband. The Finkelstein firm served Husband with notice to appear for a judgment debtor examination. (Code Civ. Proc., § 708.110.) The parties settled the debt issue in May 2010, in advance of the scheduled examination. The parties stipulated that Husband "paid most but not all of the spousal support and child support he was court ordered to pay" and, to avoid costs necessary "to determine the true amount of the unpaid support," negotiated "a full and final settlement of all child and spousal support arrears." Husband paid Wife $90,000. Husband also agreed to place $40,000 in a trust account, which Wife could draw upon for her educational expenses under specified conditions. The trust funds were to be returned to Husband if Wife did not use the money within a specified time.

Husband sent a $40,000 check to the Finkelstein firm, which deposited it in the firm's attorney-client trust account in November 2010. A disagreement arose over administration of the trust funds. The Finkelstein firm refused to disperse any funds until the parties signed an agreement for administering the funds and arranged to pay the costs of administration. The Finkelstein firm also sought payment from Wife for its legal representation.

In May 2011, the Finkelstein firm filed an interpleader complaint naming Wife and Husband as defendants and depositing into court the disputed $40,000. The firm

2

asked the court to adjudicate the competing claims of Husband and Wife to the money. The firm also sought recovery from the deposited funds of its unpaid fees.

The interpleader action was pending in February 2012 when Husband filed a motion in the dissolution action demanding enforcement of the 2010 settlement agreement and return of half the trust funds deposited with the Finkelstein firm. Wife filed a motion to revoke the 2010 settlement and for recovery of attorney fees incurred in defending against the Finkelstein firm's interpleader action.

In April 2012, the parties stipulated to dismissal of the interpleader action and judgment was entered on the stipulation. Wife's current attorney became the trustee of the disputed $40,000, to be held under the terms of the 2010 settlement agreement being litigated in family court, and all claims for costs and attorney fees in the interpleader action were reserved and submitted to the family court for determination.

The family court conducted an evidentiary hearing over the course of four days. In November 2012, the court issued an order resolving multiple issues, several of which are the subject of this appeal. The court (1) denied Wife's motion to revoke the 2010 settlement agreement; (2) granted Husband's motion for refund of $20,000 of the 2010 trust fund, with the remainder to Wife pursuant to the terms of the 2010 settlement; and (3) granted Wife's request for attorney fees from the Finkelstein firm awarding $30,000, a lesser sum than she sought. Wife filed a timely notice of appeal in January 2013.

## Discussion

*Substantial evidence supports the court's order denying Wife's motion to revoke the parties' settlement agreement.*

Wife raises multiple arguments in support of her contention that the family court erred in denying her motion to revoke the 2010 settlement agreement of child and spousal support debt. As an initial matter, Wife maintains that the order entered on the 2010 agreement is void for lack of jurisdiction "because no motion had been filed that could invoke family law personal and subject matter jurisdiction" and, "[i]f the 2010 Order is void, so too is the 2012 Order made by the trial court in reliance on the 2010 Order."

3

The court properly assumed jurisdiction when Wife filed a dissolution action. The judgment of dissolution incorporated the parties' marital settlement agreement setting the amount of support and stated, "Jurisdiction is reserved to make other and further orders necessary to carry out this judgment." When a dispute arose in 2010 over support payments, the court had jurisdiction to accept the parties' stipulated settlement of the dispute and to enter an order enforcing the settlement.

Wife contends the court should have set aside the 2010 settlement agreement because she lacked effective legal counsel, did not understand the agreement, and acted under duress and intimidation. Substantial evidence supports the family court's finding that there were no such grounds for setting aside the parties' settlement agreement.

The settlement was mediated by Eric Martinez, an acquaintance of the parties who was a private investigator and law school graduate. Wife hired Martinez to assist her in an earlier legal matter concerning foreclosure of her home and retained his services to mediate the settlement. Martinez said Wife knew she had a choice to use the Finkelstein firm to collect past support or to use his services as "an informal mediator and she elected to do the latter because it was quicker and more certain than the alternative." Martinez testified to multiple meetings and telephone calls with each of the parties in which he exchanged offers until a settlement was reached. Husband's opening offer was $15,000 or $20,000, according to Martinez, and the $90,000 cash payment was arrived at after "many backs and forth" and "a great deal of effort." Martinez said "all of the terms" came from either Wife or Husband.

Wife had two attorneys in her employ when the settlement agreement was negotiated, Bruce Lubarsky of the Finkelstein firm and Kirby Burnside, who represented Wife when she filed for dissolution and was retained to draft the settlement agreement. Both attorneys were providing legal representation at the time and available to consult with Wife. Wife did not speak directly with Lubarsky during the settlement negotiations but according to Lubarsky's billing records Martinez spoke with Lubarsky and the attorney reviewed the draft settlement agreement before it was signed. Wife met with

4

Burnside, the family law attorney, who drafted the settlement agreement using terms negotiated by the parties. Burnside read the agreement to make sure it was "sound."

Wife reviewed and approved various drafts of the settlement agreement until it reached final form. Wife said she "provided input as to what should be" in the settlement agreement. Martinez testified that Wife "was given a full and complete opportunity" to reject the proposed settlement and was asked "several times if she wasn't happy with the terms to just say no." The evidence is sufficient to support the implicit finding that Wife freely and knowingly entered the settlement.

Wife's final argument for revocation of the agreement focuses on a specific provision. Wife contends the written agreement misrepresents the parties' intentions by including a waiver of all spousal support when the parties' intended to compromise only support arrears through 1996. There is substantial evidence that all settlement terms included in the written agreement were freely negotiated, including the waiver provision. Testimony at the hearing established that the parties had a bona fide dispute as to the amount of support owed through 1996 and beyond, and that a complete and final settlement of all support issues was intended by the parties. According to Martinez, Husband insisted that the settlement agreement be an end to the parties' dispute over support issues and Wife had a "full and complete opportunity" to review the terms of the proposed settlement. The court properly enforced the settlement agreement according to its terms, which included a waiver provision.

*The court did not abuse its discretion in denying Wife equitable modification of the settlement agreement.*

The settlement agreement provided for a cash payment of $90,000 to Wife and an additional $40,000 "educational benefit" fund administered by a trustee. The $40,000 fund was payable to Wife in two equal installments of $20,000 each for years 2011 and 2012. The agreement provided, with limited exceptions inapplicable here: "It is the intention of the parties that if the $20,000 earmarked for each calendar year of education is not completely used by [Wife] for her educational expenses, then any remaining amounts are to be refunded to [Husband]."

Husband filed a motion to enforce the settlement agreement by returning $20,000 "for calendar year 2011 as none of the funds [was] used" by Wife. The court granted the motion. Wife does not deny the funds were not used in the time allotted but argues the court should have modified the agreement to extend the time because the parties' dispute over administration of the fund during 2011 prevented "a meaningful opportunity to benefit from the trust."

Wife has failed to demonstrate the family court abused its discretion in denying her equitable relief from the express terms of the agreement. There was conflicting evidence presented as to why the trust was not established in time to permit Wife's use of the fund in 2011. Wife's attorney, Lubarsky, testified that Wife failed to execute a trust agreement and provide for administration costs. In January 2011, Lubarsky wrote to Wife advising her he would not administer the fund without an agreement and recommending she contact an accountant to act as trustee. Wife failed to reply, according to Lubarsky. Given this state of the evidence, we cannot fault the family court for denying Wife equitable relief.

*The court did not abuse its discretion in awarding Wife a lesser amount of attorney fees than she sought.*

Wife sought attorney fees incurred in the family law and interpleader proceedings. The court denied Wife's motion for fees from Husband. The court found Wife was entitled to fees from Lubarsky and the Finkelstein firm. The court's order fails to state the statutory basis for the fee award but the parties' briefing assumes the order is based on Wife's success in the interpleader action, which involved an attorney-client collection dispute subject to a contractual fee provision.[1] (Civ. Code, § 1717.) While finding Wife eligible for fee recovery, the court found that Wife's "total attorney fees and costs in excess of $90,000 appear to be unreasonable in light of the fees incurred by the other parties as well as the amount of work and skill involved." The court awarded Wife

_____

[1] Fees were sought under several statutory provisions, including Code of Civil Procedure section 128.7, which may have been the basis for the fee award to Husband if not to Wife. We need not resolve this uncertainty as the trial court's discretion to set the amount of a fee award is the same under the various statutes relied upon by the parties below.

$30,000. Wife contends the court abused its discretion in setting the amount of the award.[2]

"Reasonable attorney fees shall be fixed by the court." (Civ. Code, § 1717, subd. (a).) A "trial court has broad authority to determine the amount of a reasonable fee." (*PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1094.) " 'The "experienced trial judge is the best judge of the value of professional services rendered in his [or her] court, and while [the trial court's] judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong" '- meaning that it abused its discretion." (*Id.* at p. 1095.) " 'The trial court makes its determination after consideration of a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case.' " (*Id.* at p. 1096.)

The family court here considered these factors and concluded that $30,000 was a reasonable amount of attorney fees "in light of the fees incurred by other parties as well as the amount of work and skill involved." The fee is comparable to the roughly $25,000 in fees awarded to Husband against Lubarsky and the Finkelstein firm for his attorneys' work in the same matter. Wife argues she should have received a substantially greater award than Husband because Husband's attorneys "expended far less time than did [Wife's] attorneys." But the family court was free to conclude that the amount of time expended by Wife's attorneys was excessive given the issues involved. Wife has failed to demonstrate the court abused its discretion in valuing the services provided.

Wife's claim that Husband should have been compelled to pay her attorney fees is similarly unavailing. Wife maintains Husband has a "superior ability to bear the cost of litigation" and should have been ordered to pay some or all of her attorney fees on that basis. (Fam. Code, § 2030.) However, the family court found the reasonable amount of

---

[2] Wife's fee declaration filed in the family court claimed fees of $91,750. On appeal, Wife discovered a "calculation error" and now puts the figure at approximately $81,050.

Wife's fees for *both* the interpleader and family law matters was $30,000, and others had been ordered to pay that amount. There were no recoverable fees for Husband to pay.

*The court did not err in stating that the attorney-client fee dispute was reserved.*

The Finkelstein firm claims Wife failed to pay the firm for its collection efforts predating the settlement agreement. The family court barred the firm from presenting evidence on the attorney-client fee dispute and reserved the issue for future resolution. The court's order is arguably ambiguous as to whether it reserved the issue for later consideration by it, or for later consideration in a separate proceeding. The order states: "The Court reserves the request of the Law Offices of David G. Finkelstein, APC against [Wife] for attorney fees and costs incurred in the family law matter post-judgment collection efforts of Bruce Lubarsky, Esq., as well as the request that the court find the Addendum to the Fee Agreement is void."

Wife contends the family court has no jurisdiction to consider the attorney-client collection dispute and erred to the extent its order reserved consideration of the dispute for its future resolution. The Finkelstein firm and Lubarsky have belatedly acknowledged that "the family law court does not have jurisdiction to hear an attorney-client fee dispute." They contend that the order, in stating the fee dispute was "reserved," meant only that the order did not prejudice any right they may have "to seek collection fees at a later time" in a proper forum. We agree with this interpretation of the order and, given the attorneys' concession, no remand for clarification is necessary.

## Disposition

The November 13, 2012 order is affirmed. The parties shall bear their own attorney fees and costs incurred on appeal.

_____
Pollak, J.

We concur:

_____
McGuiness, P. J.


_____
Jenkins, J.